UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THOMAS WALLS, #515396,

        Petitioner,

v.

        Case Number 1:16-cv-13124
        Honorable Thomas L. Ludington

JEFFREY WOODS,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR STAY,
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE,
AND DENYING CERTIFICATE OF APPEALABILITY
AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Thomas Walls, a Michigan State Prisoner currently held at the Chippewa Correctional Facility, was convicted in Genesee County Circuit Court of assault with intent to murder in violation of MICH. COMP. LAWS § 750.83; and possession of a firearm during the commission of a felony in violation of MICH. COMP. LAWS § 750.227b. On August 29, 2016 Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. *See* ECF No. 1. That same day, Petitioner filed a motion for a stay of the proceedings in order to raise unexhausted claims in the state courts. *See* ECF No. 2. For the reasons stated below, Petitioner's motion for a stay will be denied, and his petition will be dismissed without prejudice. A certificate of appealability will also be denied.

**I.**

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted and sentenced to 210 to 500 months' imprisonment for assault with intent to murder and 2 years' imprisonment for felony-firearm. On January 21, 2014 the Michigan Court of Appeals affirmed his convictions on appeal. *People v. Walls*, No. 307647, 2014 WL 238597 (Mich. Ct. App. Jan. 21, 2014). Petitioner sought leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court held the application in abeyance pending its decision in *People v. Lockridge*. *People v. Walls*, No. 148896 (Mich. Sept. 29, 2014). After the Michigan Supreme Court issued its decision in *People v. Lockridge*, 498 Mich. 358 (2015), the Court, in lieu of granting leave to appeal, remanded Petitioner's case to the trial court "to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *Lockridge*." *People v. Walls*, 498 Mich. 901 (Mich. Oct. 28, 2015). As a result Petitioner has been appointed counsel and is scheduled to be resentenced on November 28, 2016.[1]

## II.

### A.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented

---

[1]The Court takes judicial notice of and obtained this information from the publicly available docket sheet for the criminal case in the Genesee County Circuit Court, *People v. Walls,* No.11-028151.

to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, Petitioner represents that he filed a motion for relief from judgment in the state trial court raising the same issues raised in his habeas petition at the same time that he filed his current habeas petition. Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). For this reason, the state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court.

Here, because the state court proceedings may result in Petitioner's resentencing, the federal questions presented may be mooted. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)). Non-prejudicial dismissal of the petition is warranted under such circumstances.

**B.**

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of

limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions established by 28 U.S.C. § 2244(d) poses a problem, it does not. The one-year period does not begin until 90 days after the conclusion of direct appeal. *Gonzalez v. Thaler*, — U.S. —, 132 S. Ct. 641, 653 (2012) (stating that a conviction becomes final when the time for filing a certiorari petition expires). The Michigan Supreme Court denied leave to appeal on October 28, 2015, and the time for seeking a writ of certiorari with the United States Supreme Court expired 90 days later – on January 27, 2016. Petitioner filed his federal habeas petition on August 15, 2016. Thus, approximately five months of the one-year period remained when he filed the petition. While the time in which this case has been pending in federal court is not statutorily tolled, such time may be equitably tolled. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period); *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich. 2004). The limitations period will also be tolled during the time in which any properly filed post-conviction or collateral actions are pending in the state courts. *See* 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 219-221 (2002). Petitioner has ample time to fully exhaust his state court remedies and return to federal court should he wish to do so.

Thus, even assuming that Petitioner has not engaged in "intentionally dilatory tactics" and has shown "good cause" for failing to fully exhaust issues in the state courts before seeking

federal habeas relief, he has not shown the need for a stay. Finally, his unexhausted claims concern matters of federal law which do not appear to be "plainly meritless." The state courts should be given a fair opportunity to rule upon those claims. Given the foregoing circumstances, a stay is not warranted, and a non-prejudicial dismissal of the habeas petition is appropriate.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is now moot. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x. 113 (4th Cir. 2003). Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, a certificate of appealability is not warranted in this case. Leave to proceed *in forma pauperis* on appeal will also be denied, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### IV.

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings and Hold Petition In Abeyance, ECF No. 2, is **DENIED.**

It is further **ORDERED** that Petitioner's petition for a writ of habeas corpuse, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**

                                            s/Thomas L. Ludington  
                                            THOMAS L. LUDINGTON  
                                            United States District Judge

Dated: October 31, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 31, 2016.

                                s/Michael A. Sian  
                                MICHAEL A. SIAN, Case Manager